**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANY KAUTZ,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 1:25-CV-00121<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Tiffany Kautz brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits under Title XVI of the Social Security Act. Transcript, doc. 9-8 at 19. She challenges the Administrative Law Judge's (ALJ) assessment of the residual functional capacity. Pl.'s Br., doc 16 at 1. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On September 2, 2020, Kautz applied for disability benefits under Title XVI of the Social Security Act, alleging disability as of September

2, 2020. Doc. 9-3 at 2. Following an initial denial of her claim, and after exhausting administrative appeals, Kautz filed a prior action in this Court, challenging the agency's decision. *See Kautz v. Kijakazi*, No. 23-668, Complaint, doc. 1. With concurrence of the Commissioner, the Court vacated the agency's decision and remanded the case. *See Kautz v. Kijakazi*, No. 23-668, September 19, 2023, Order, doc. 14. After remand and further proceedings, the ALJ again decided that Kautz has not been under a disability. *See* doc. 9-8 at 19.

The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g); *see* doc. 9-8 at 3. Pending before this Court is Kautz's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 16, 18, 22) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v.*

*Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Kautz "has not been under a disability . . . since September 2, 2020, the date the application was filed." Doc. 9-8 at 19. The ALJ determined at the RFC stage that Kautz has the ability:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: She may perform simple repetitive, routine tasks. She cannot work at production rate pace. She may have incidental contact with the public and occasional interaction with coworkers and supervisors. She is limited to a low stress job defined as few workplace changes.

*Id.* at 11-12. The ALJ denied Kautz's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 18.

On appeal, Kautz argues that the ALJ erred by failing to properly evaluate a medical opinion and made multiple errors regarding symptom

evaluation. Doc. 16 at 1. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ

ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Kautz is disabled, but whether the Commissioner's finding that Kautz is not disabled is supported by substantial evidence and was reached based

upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. <u>ANALYSIS</u>

Kautz argues that the ALJ erred in evaluating the opinion of her treating counselor, Ms. Hackman, and made errors evaluating her symptoms. Doc. 16 at 1, 9, 14. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The treating counselor's opinion

Kautz argues that the ALJ did not properly evaluate Ms. Hackman's opinion, asking the Court to consider the counselor's treatment notes that, Kautz asserts, "consistently document supportive signs, symptoms, and clinical findings" of Kautz's limited mental capacity. *Id.* at 9-10.

An administrative judge's burden of articulation is not high. When weighing medical opinions, all that an ALJ must explain are the reasons for the decision. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). To satisfy the articulation requirements for supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Id.* at 639. Instead, it is sufficient for an ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* Here, the ALJ's discussion of Ms. Hackman's opinion was sufficient.

First, the ALJ conducted a thorough review of Kautz's longitudinal medical records that showed, from September 2020 through January 2024, normal and improving symptoms in Kautz's mental capacity. Doc. 9-8 at 13-15. Comparing Ms. Hackman's opinion to these treatment

records, the ALJ reasoned that Ms. Hackman's opinion, finding marked limitations in Kautz's mental and social capabilities, was inconsistent with other medical evidence, including her own mental status examination findings. *See id.* at 18 (noting good insight, judgment, appropriate thought content, and intact memory). The ALJ, therefore, reasonably concluded that Ms. Hackman's opinion was unpersuasive. *See Zaborowski*, 115 F.4th at 639-40 (finding an ALJ's articulation of the consistency factor sufficient as to the opinions of psychologists where the ALJ explained how the opinions "fit with other evidence"); *see also Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes).

**B. Symptom evaluation**

Kautz's remaining arguments also fail. First, Kautz contends that the ALJ erred in noting that she was "non-distressed," and that this was an irrelevant and unwarranted independent medical finding. Doc. 16 at 13-14. This argument minimizes the ALJ's analysis and overlooks the years of medical evidence that the ALJ reviewed and explained, which

support normal findings as to Kautz's mental impairments. *See* doc. 9-8 at 13-15. Further, Kautz has not made any showing of how this alleged error affected the ALJ's decision.[1]

Kautz also argues that the ALJ erred in finding that she did not experience debilitating medication side effects. Doc. 16 at 17.[2] Upon review of the ALJ's RFC assessment, the Court finds that the ALJ adequately explained these findings. See Doc. 9-8 at 16. Contrary to Kautz's contention that the ALJ's conclusion should have been based on medical evidence, doc. 16 at 18, the ALJ in fact cited to medical evidence and explained that Kautz's "medical records do not indicate she was persistently assessed with any abnormal clinical examination findings that were attributed to her medication regimen by an acceptable medical source." *See* doc. 9-8 at 16. Thus, the ALJ did not err and stood on solid

[1] Kautz also argues that the ALJ erred by failing to explain the significance of "regular treatment" or, somewhat confusingly, "why more aggressive treatment was appropriate for her psychiatric conditions." Doc. 16 at 16. Based on the ALJ's thorough review and explanation of Kautz's longitudinal medical records, the Court finds that the ALJ's symptom evaluation is supported by substantial evidence.

[2] The Court has reviewed Kautz's remaining argument and finds that it amounts to no more than mere disagreements with the ALJ's findings. *See* doc. 16 at 15-16 (arguing that the ALJ's reference to claimant's ability to travel on an airplane was improper).

evidentiary ground in concluding that Kautz "does not experience any medication side effects with such frequency, intensity, or persistence that they require any accommodation in the claimant's [RFC]." *Id.* at 16; *see Grandillo v. Barnhart*, 105 F. App'x 415, 419 (3d Cir. 2004) (finding that, absent evidence that a claimant reported adverse side effects to her treating physicians or that those physicians adjusted the dosage or nature of the medication to control for poor toleration, the mere fact that a claimant was taking medication known to induce adverse side effects did not require the ALJ to assume the claimant actually experienced those side effects); *Bynaker v. Bisignano*, No. 25-16, 2025 WL 2349803, at *9-10 (M.D. Pa. Aug. 13, 2025) (finding no basis for remand because the only evidence of side effects from the claimant's medications is the claimant's own testimony).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 19, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge